NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD DAVID KEEFE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, et al.,<br><br>Defendants. | Civ. No. 17-1334<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the application of *pro se* plaintiff Ronald D. Keefe ("Plaintiff") to proceed *in forma pauperis* in a matter concerning his loss of sanity, loss of children, and loss of all assets. (ECF No. 1).

In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the Plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, a litigant may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted).

It appears from the application that Plaintiff possesses about $100.00 in a checking account and a 2000 Nissan Maxima, and receives $1,409.00 each month from Social Security Disability payments. Plaintiff's fixed expenditures essentially equal this income. Therefore, the Court is persuaded that Plaintiff has shown sufficient economic disadvantage to proceed *in forma pauperis*.

1

Second, the Court must analyze Plaintiff's complaint to determine if the claims contained therein must be dismissed. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review the complaint and dismiss the action if it determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Roman*, 904 F.2d at 194 n.1. Because Plaintiff is proceeding *pro se,* the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

To evaluate whether a complaint must be dismissed for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mawiew State Hosp.,* 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

This Complaint appears to repeat the claims brought in civil cases 91-4734 and 15-8584 before this court. (Compl. at 2–3, ECF No. 1). In those prior actions and this matter, Plaintiff claims that various individual and government defendants took Plaintiff's sanity, falsely imprisoned him, caused him to lose seven and a half years of time, killed his children, and violated his civil rights. (Compl. at 3–4, ECF No. 1). Plaintiff does not provide dates or descriptions of actions by defendants. Therefore, even given the more relaxed standard afforded to *pro se* plaintiffs under *Haines*, the Court is unable to locate a cause of action from these facts. Plaintiff has previously been given leave to amend his Complaint and has failed to do so;

however, this claim has never been adjudicated on the merits.  Therefore, the Complaint will be dismissed for failing to state a claim upon which relief can be granted, with 30 days to amend.

Therefore, for the reasons stated and for good cause shown,

**IT IS** on this  21st   day of March, 2017,

**ORDERED** that Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court file the Complaint without prepayment of fees; and it is further

**ORDERED** that the Complaint (ECF No. 1) be and hereby is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.